**PAUL J. HETZNECKER, ESQUIRE**
**Identification No. 49990**
**1420 Walnut Street, Suite 911**
**Philadelphia, PA 19102**
**(215) 893-9640**                                    **ATTORNEY FOR PLAINTIFF**
                                                      **ADAM AL- ASAD**

### UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENSYLVANIA

| | | |
|---|---|---|
| **ADAM AL-ASAD** | : | |
| **2031 S. 13TH STREET APT. 3** | : | |
| **PHILADELPHIA, PA 19148** | : | **CIVIL ACTION** |
| | : | |
| **PLAINTIFF** | : | **NO.** |
| **v.** | : | |
| **PHILADELPHIA POLICE OFFICER JOHN DOE:** | | **JURY TRIAL DEMANDED** |
| **and** | : | |
| **CITY OF PHILADELPHIA** | : | |
| | : | |
| **DEFENDANTS** | : | |

### COMPLAINT

1.      This is a complaint for money damages brought pursuant to 42 U.S.C. §1983 and 1988,

as well as the Fourth and Fourteenth Amendments to the United States Constitution, and under the

Constitution of the Commonwealth of Pennsylvania. Jurisdiction is based upon 28 U.S.C. §1331 and

1343 and, pendent jurisdiction of this court to consider claims under state law.

### PARTIES

2.      Plaintiff, Adam Al-Asad, is at all times relevant to this Complaint, an adult

resident of the City of Philadelphia, Pennsylvania.

3.      Defendant, Philadelphia Police Officer John Doe is all times relevant to this

Complaint a Police Officer with the Philadelphia Police Department.

4.      Defendant City of Philadelphia, Pennsylvania is a municipal corporation and the public

employer of the Defendant Police Officer John Doe.

- 1 -

**FACTS**

5.      On Saturday, May 30, 2020, Plaintiff, Adam Al- Asad, asserted his rights under the First Amendment of the United States Constitution by joining George Floyd/Black Live Matter Protests in Philadelphia, Pennsylvania.

6.      Plaintiff was invited to join the protest by a friend.  On May 30, 2020 Plaintiff Al-Asad arrived in Center City Philadelphia, Pennsylvania around mid-day. Upon his arrival Plaintiff Al-Asad observed the crowd of protesters and could hear the police sirens. Plaintiff Al-Asad and a friend joined the protest march in the area of Broad Street and Race Street in Center City Philadelphia, PA. Shortly after joining the protest Plaintiff  Al-Asad witnessed police officers beating protesters with batons and spraying the protesters with pepper spray.

7.      While peacefully protesting with many others in the area of Broad Street and Race Street, Plaintiff Al-Asad was struck in the face with pepper causing his eyes to burn. Immediately, Plaintiff Al-Asad fled from Broad and Race Street to Dilworth Plaza outside of City Hall.

8.      While at Dilworth Plaza Plaintiff Al-Asad observed a line of police officers surrounding the Starbucks while  emergency personnel extinguished a fire at that location. While Plaintiff Al-Asad was watching the fire crew he observed a line of Philadelphia Police Officers on bicycles riding through the crowd towards the line of Police Officers blocking the Starbucks.

9.   Plaintiff Al-Asad was standing with a crowd of onlookers when Defendant Philadelphia Police Officer John Doe, a bicycle officer, without just cause or legal justification, struck Plaintiff Al-Asad in the back with a metal pole. The force of the blow from Defendant Police Officer John Doe caused Plaintiff Al-Asad to fall to his knee which caused an injury to his knee.

Plaintiff Al-Asad suffering from pain in his back and knee turned to see the Defendant Philadelphia Police Officer John Doe staring at the him.  Plaintiff Al-Asad assisted Plaintiff Al-Asad to his feet. Once the Plaintiff Al-Asad was on his feet he observed the metal pole on the ground.

10.        After striking Plaintiff Al-Asad in the back with a metal pole, the Defendant Philadelphia Police Officer John Doe joined the line of officers surrounding the Starbucks and started speaking to a police supervisor. Plaintiff approached the Defendant to talk to him about what happened. Defendant Philadelphia Police Officer John Doe and the Police supervisor both laughed at Plaintiff Al-Asad and ignored his request for an explanation as to why he was assaulted. Plaintiff Al-Asad then requested medical assistance for his injury and both Defendant Philadelphia Police Officer John Doe and the unknown Police supervisor refused to call for medical assistance.

11.        Eventually, Plaintiff Al-Asad was taken to Jefferson Hospital by a friend. Once at Jefferson Hospital Plaintiff Al-Asad was treated for a bruised tailbone and bruises on his lower back.

12.         As the result of the actions by Defendant Philadelphia Police Officer John Doe Plaintiff Al-Asad, suffered physical injuries to his lower back, pain and suffering, psychological and emotional distress, some of which may be permanent.

## COUNT I

### EXCESSIVE FORCE BY DEFENDANT PHILADELPHIA POLICE OFFICER JOHN DOE PURSUANT TO 42 U.S.C. §1983

13.        Paragraphs 1 through 12 of this Complaint are incorporated herein by reference

14.        On May 30, 2020, Defendant Philadelphia Police Officer John Doe, acted without just cause or legal justification, did with deliberate indifference use excessive force upon the

Plaintiff by unlawfully striking the Plaintiff in the back with a metal pole while the Plaintiff posed no threat to Defendant Philadelphia Police Officer John Doe or anyone else.

15.     As a direct and proximate cause of the Defendant's unlawful use of excessive force, the Plaintiff suffered physical pain and injuries. Additionally, the Plaintiffs suffered, and continues to suffer psychological and emotional injury as a result of the actions of Defendant Philadelphia Police Officer John Doe.

16.     The Defendant Philadelphia Police Officer John Doe, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force under the Fourth Amendment of the United States Constitution, as well as 42 U.S.C. Section 1983.

## COUNT II
## RETALIATION AGAINST FREE EXPRESSION
## DEFENDANT PHILADELPHIA POLICE OFFICER JOHN DOE

17.     Paragraphs 1 through 16 are incorporated herein by reference as though fully set forth.

18.     Defendant Philadelphia Police Officer John Doe did cause the unlaw retaliation again the Plaintiff's free speech and expression and constitutional rights to protest.

## COUNT III

## COMMON LAW ASSAULT AND BATTERY AGAINST
## DEFENDANT PHILADELPHIA POLICE OFFICER JOHN DOE

19.     Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

20.     On May 30, 2020, Defendant Philadelphia Police Officer John Doe did knowingly, intentionally, maliciously, recklessly, and/ or negligently commit an assault and battery upon Plaintiff Al-Asad, resulting in physical injury which caused physical and emotional pain, and suffering.

21.     The actions and conduct of Defendant Philadelphia Police Officer exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous, and unjustifiable and therefor, punitive damage is necessary and appropriate.

**CITY OF PHILADELPHIA**
**PURSUANT TO 42 U.S.C. §1983**

22.     Paragraphs 1 through 21of this Complaint are incorporated herein by reference.

23.     Pursuant to 42 U.S.C §1983, the City of Philadelphia developed and maintained practices exhibiting deliberate indifference to the constitutional rights of individuals including the policy regarding use of force which caused the violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution in this case.

24.     Defendant, City of Philadelphia, as a matter of policy and practice and/or custom has with deliberate indifference, failed to adequately and properly investigate claims of the use of excessive force generally, and specifically claims regarding excessive use of force against peaceful protesters. This policy and practice caused the Defendant officer in this case to engage in unlawful conduct described above.

25.     Defendant, City of Philadelphia, as a matter of policy and/or custom has with deliberate indifference, failed to adequately and properly supervise and train police officers, including the Defendants in this case, regarding the constitutional rights of residents and visitors of Philadelphia generally, and specifically, claims of excessive force against protesters, thereby failing to adequately discourage further such constitutional violations on the part of its police officers. The City of Philadelphia did not require appropriate in-service training or retraining of its officers who were known to have engaged in the use of excessive force generally, and specifically, use of excessive force against peaceful protesters exercising their rights under the First Amendment of the United States Constitution. The failure to properly supervise and train

the Defendant police officers including the Defendant Philadelphia Police Officer John Doe in this case, caused the Defendant officers to engage in the unlawful conduct described above.

26.     Defendant, City of Philadelphia, as a matter of policy and practice and/ or custom has with deliberate indifference failed to adequately and properly discipline and sanction police officers, including the Defendant in this case, regarding the constitutional rights of the residents and visitors of Philadelphia generally, and those of peaceful protesters in particular, to be free from excessive use of force, thereby failing to adequately discourage further excessive use of force on the part of its police officers. The City of Philadelphia failed to discipline and sanction those officers engaged in conduct which violated the Fourth and First Amendment rights of residents and visitors of Philadelphia generally, and peaceful protesters in particular, thereby causing and encouraging police, including the Defendants in this case, to engage in the unlawful conduct described above.

27.     As a result of the above- described policies and customs, police officers of the City of Philadelphia, including the Defendant Philadelphia Police Officer John Doe believe that their actions would not be properly monitored by supervisory officers and that their misconduct would not be investigated or sanctioned, but rather would be tolerated.

28.     The above- described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the City of Philadelphia, to the constitutional rights of the persons within the City of Philadelphia, including those exercising their First Amendment rights, specifically, the right to be free from excessive use of force under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983, and therefore, caused the violation of Plaintiffs' rights alleged herein

29.     As a direct and proximate cause of the Defendants' unlawful actions, the individual Plaintiff suffered physical injuries, psychological and emotional distress, pain and suffering, all of which will be established as trial.

**WHEREFORE,** Plaintiff respectfully request the following relief:

(a)     Compensatory damages to the Plaintiff against the Defendants; .

(b)     Punitive damages to the Plaintiff against the Defendants;

(c)     Reasonable attorney's fees and costs to the Plaintiff;

(d)     Such other and further relief as appears reasonable and just.


/s/ Paul J. Hetznecker, Esquire
Paul J. Hetznecker, Esquire
Attorney for Plaintiff

Date: November 29, 2021